UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. O'SHEA,<br><br>                                Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>                              Defendants. | Case No. 21-cv-00582-BAS-BLM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STAY (ECF No. 15);**<br><br>**(2) DISSMISSING WITHOUT PREJUDICE PLAINTIFF'S 42 U.S.C. §§ 1983, 1985 CLAIMS AS *HECK*-BARRED;**<br><br>**(3) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(c)(3); AND**<br><br>**(4) REMANDING ACTION TO STATE COURT** |

Plaintiff Mary B. O'Shea is a mother who faced allegations of child abuse in 2014 after being arrested for driving under the influence of alcohol ("DUI") while having a minor child in her vehicle. O'Shea pleaded guilty to DUI in October 2014. O'Shea alleges that the prosecuting attorney, the Child Welfare Services ("CWS") investigator, and other

individuals conspired to bring false charges against her by, among others, manipulating her blood alcohol certificate and threatening to charge her with willful cruelty of child in violation of California Penal Code § 273(a).

O'Shea filed the present action in state court, raising federal civil rights claims under 42 U.S.C. §§ 1983, 1985, along with other state-law claims. Defendants removed the action to federal court based on federal question jurisdiction. O'Shea moves to stay the action, which is moot or not warranted for the reasons stated below. The Court dismisses without prejudice her federal civil rights claims under *Heck v. Humphrey*, 512 U.S. 475 (1994), because a judgment in her favor would invalidate her state-court conviction for DUI. The Court declines to exercise supplemental jurisdiction over her remaining state-law claims under 28 U.S.C. § 1367(c)(3) and remands the action to state court.

## I.     BACKGROUND

### A.     Factual Background

On or around August 22, 2014, O'Shea was arrested for driving under influence of alcohol ("DUI"), in violation of California Vehicle Code § 23152(a), and willful cruelty to a child, in violation of California Penal Code § 273(a). (Compl. ¶ 4.) On October 1, 2014, O'Shea was charged in Vista, California, for DUI and driving while having a measurable blood alcohol, in violation of Sections 23152(a) and 23152(b) of the California Vehicle Code.[1] The charging document alleged that O'Shea drove while having 0.08 percent or more of alcohol in her blood and that a minor under 14 years of age was a passenger in her vehicle.[2] According to O'Shea, the prosecutor assigned to her case, Defendant Brock Arstill, agreed to drop the child endangerment charge in exchange for her guilty plea to the DUI charge. (Compl. ¶ 251.) On October 14, 2014, O'Shea signed a guilty plea. (*Id.* ¶ 32.) O'Shea appealed her DUI conviction, which is pending in state court. (*Id.* ¶¶ 116, 153; Mot. Stay at 2–3, ECF No. 15.)

---

[1] (Ex. 2 to O'Shea's Compl.)
[2] (*Id.*)

**B.     Procedural History**

    **1.     The 2019 Action**

This is O'Shea's second attempt at litigating her claims against the San Diego County employees. O'Shea filed her first action against County of San Diego and Lee in state court on May 10, 2019. (ECF No. 1, *O'Shea v. Cnty. of San Diego, et al.*, 3:19-cv-1243-BAS-BLM (S.D. Cal. 2019).) In that action, O'Shea alleged that Lee attempted to remove O'Shea's daughter from her custody in October 2014 by lying and falsifying factual records. (*Id.*) O'Shea argued that Lee violated O'Shea's Fourteenth Amendment rights, infringed upon O'Shea's civil rights guaranteed by state law, and intentionally or negligently inflicted emotional distress on O'Shea. The action was removed to federal court. *See O'Shea v. Cnty. of San Diego, et al.*, 3:19-cv-1243-BAS-BLM (S.D. Cal. 2019). This Court granted Defendants' first motion to dismiss, finding that O'Shea's claims were time-barred and, in the alternative, that she failed to sufficiently allege a *Monell* claim against the County. (Order, ECF No. 18, *O'Shea*, 3:19-cv-1243-BAS-BLM (S.D. Cal. Sep. 24, 2019).) The Court also dismissed O'Shea's cause of action for injunctive relief because injunctive relief is a remedy and not in itself a cause of action. (*Id.*) The Court granted O'Shea leave to amend the pleading. (*Id.*)

O'Shea amended her pleading, adding allegations that law enforcement unlawfully wiretapped her and tampered with her telephone records. (Am. Compl., ECF No. 19, *O'Shea*, 3:19-cv-1243-BAS-BLM.) Defendants renewed their motion to dismiss, which the Court granted. (Order, ECF No. 32, *O'Shea*, 3:19-cv-1243-BAS-BLM (S.D. Cal. May 28, 2020).) The Court concluded that O'Shea's claims based on allegations that Lee falsified the records were time-barred and dismissed with prejudice all claims pertaining to Lee's alleged actions taken during the 2014 CWS investigation. (*Id.* at 2, 6, 9.) The Court dismissed without prejudice O'Shea's allegations regarding CWS and the law enforcement's tampering of her telephone records, eavesdropping, and wiretapping, finding that the related claims were not supported by sufficient factual allegations. (*Id.* at

6–9.) The Court allowed O'Shea to amend her pleading only as to the alleged conspiracy to withhold telephone records and illegal wiretapping.

O'Shea amended the pleading but subsequently filed a motion to dismiss the action without prejudice, which the Court granted. (Order, ECF No. 47, *O'Shea*, 3:19-cv-1243-BAS-BLM (S.D. Cal. July 24, 2020).)

### 2. The Present Action

O'Shea brought the present action in state court on January 7, 2021, raising eleven causes of action: 42 U.S.C. § 1983 claims for violations of the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; a 42 U.S.C. § 1985 claim for conspiracy to interfere with civil rights; and state-law claims including fraud, unlawful business practice in violation of California Business and Professions Code § 17200, wire and electronic interception, violations of Article I of the California Constitution, negligence, intentional infliction of emotional distress, and injunctive relief. (Compl.) As Defendants, O'Shea names the County of San Diego; Erica Lee, the CWS employee who investigated O'Shea in 2014; David M. Hendren, a Chief in the SDCDAO; Brock A. Arstill, a prosecutor in the SDCDAO; Constance Bauschka, a paralegal in the Special Operations Division of the SDCDAO; Fiona B. Dunleavy, who was an Assistant Chief of Special Operations with the SDCDAO in 2018; and Summer Sabraw Stephan, the District Attorney for the County of San Diego. (*Id.*)

In this action, O'Shea alleges that her guilty plea resulted from the County of San Diego's policy of charging DUI suspects with willful cruelty to a child in violation of California Penal Code Section 273a. (Compl. ¶¶ 162–65, 173.) O'Shea alleges that Defendants Arstill and Hendren conspired with her defense counsel[3] to convict her with DUI by manipulating her blood alcohol certificate and arrest documents (*id.* ¶¶ 179, 181–86, 204–09, 214–17, 233–35).

---

[3] O'Shea has not named her defense counsel as a party in this action.

O'Shea separately alleges that Defendants Stephan and Dunleavy failed to investigate Defendant Lee, after O'Shea submitted an investigation request on or after September 23, 2018. (Compl. ¶¶ 40, 80.) O'Shea alleges that instead of investigating Lee for misconduct, Defendants Stephan, Dunleavy, and Bauschka reported O'Shea's criminal records to the California Commission on Teacher Credentialing on October 1, 2018, falsely representing that she was convicted in 2018. (*Id.* ¶¶ 81–82.)

O'Shea also alleges that Defendants Hendren and Lee unlawfully accessed and erased her phone records between October 8, 2014, and January 16, 2015. (Compl. ¶ 226.) According to O'Shea, on or after May 14–15, 2015, she discovered that other SDCDA employees accessed and erased her phone records. (*Id.* ¶¶ 227–28.)

Defendants removed O'Shea's action to federal court on the ground that her federal civil rights claims invoked federal question jurisdiction. (ECF No. 1.) Hendren and Arstill filed a 12(b)(6) motion to dismiss (ECF No. 6), as did Bauschka, Dunleavy, Stephan, and the County of San Diego (ECF No. 7). O'Shea filed a request for judicial notice in opposition to the motions to dismiss (ECF No. 11), which the Court construes as O'Shea's opposition to the motions. Hendren and Arstill filed a Reply (ECF No. 13), as did Bauschka, Dunleavy, Stephan, and the County of San Diego (ECF No. 14). Lee moves to dismiss the action for failure to state a claim (ECF No. 12), to which O'Shea has not filed a timely opposition. O'Shea moves to stay the action (ECF No. 15), which Defendants oppose (ECF No. 18). The Court finds the motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II.   PLAINTIFF'S MOTION TO STAY

On June 28, 2021, O'Shea filed a motion to stay the proceedings for four months, citing, among others, the ongoing appeal of her DUI conviction in state appellate court. (ECF No. 15.) Because four months have passed from the date of the filing of the motion, her request is moot. To the extent that her request is to stay the action until her state-court

appeal of the DUI conviction is complete, the Court denies the motion for the following reasons.

### A.   Legal Standard

"While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Id.* The court should generally consider "the extent to which the [criminal] defendant's fifth amendment rights [would be] implicated" absent a stay, in addition to the following factors:

> (1) the interest of the non-moving party in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice of a delay; (2) the burden which any particular aspect of the proceedings may impose on the moving party; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Freemont v. City of San Diego*, No. 09-CV-1743-MMA (WVG), 2011 WL 13161228, at *2 (S.D. Cal. Nov. 18, 2011) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995)).

### B.   Analysis

#### 1.   Prejudice to Defendants if the Stay is Granted

Defendants hold an interest in resolving a case in an expeditious manner. *See Freemont*, 2011 WL 13161228, at *3 (citing *Molinaro*, 889 F.2d at 902). Here, the four months that O'Shea requested have passed, and O'Shea does not provide a reasonable time frame within which her state-court appeal will be complete. Generally, the Court cannot grant an indefinite stay. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir.

2000) (holding that the district court abused its discretion in granting a stay until the completion of an appeal because such a stay "could remain in effect for a lengthy period of time, perhaps for years"). This factor weighs in favor of denying O'Shea's motion to stay.

### 2. Burden on the Plaintiff in the Absence of a Stay

O'Shea argues that she would be prejudiced if this action is not stayed for a few reasons. First, she alleges that defense counsel misstated the record and that a new claim that she presented to the County of San Diego in June 2021 provides a reason to stay this action. The Court's review of the record does not indicate that, in the absence of a stay, O'Shea would face an unreasonable burden in litigating her present claims for those stated reasons.

Second, O'Shea argues that, absent a stay, she would suffer prejudice because her federal civil rights claims can face dismissal under the *Heck* bar. Her argument lacks merit. Under *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994), a plaintiff bringing federal civil rights claims may face dismissal of those claims if she cannot show that her conviction or sentence has been invalidated. Any claims dismissed under *Heck* are dismissed without prejudice and can be refiled once the conviction or sentence has been invalidated. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

The Court finds instructive a case in this district where a similar request for a stay based on the *Heck* bar was rejected. *See Freemont*, 2011 WL 13161228, at *3–4. There, the plaintiff, after being convicted for DUI, sued the City of San Diego and other defendants under Section 1983, alleging that the defendants conspired against him to effect the traffic stop, arrest him, falsify evidence, and convict him of DUI. *Id.* at *1. The plaintiff appealed his DUI conviction in state court and requested a stay of the federal action, citing prejudice from the *Heck* bar. *Id.* at *3–4. The court denied his motion to stay the action, holding that the plaintiff's federal civil rights claims had not yet accrued and would not be cognizable until the conviction was overturned. *Id.* at *4. For similar reasons, the Court

finds that O'Shea will not be prejudiced from the application of the *Heck* bar to her federal civil rights claims. Her federal civil rights claims have not yet accrued, and she may refile them upon a successful invalidation of her conviction.

Additional factors, such as efficient use of judicial resources, interests of non-parties, and the interest of the public, do not weigh in favor of a stay.

The Court therefore **DENIES** O'Shea's motion to stay. (ECF No. 15.)

## III. FEDERAL CIVIL RIGHTS CLAIMS

To recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that her conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–487. A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *See id.* at 487. Therefore, a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Here, O'Shea raises Fourth, Sixth, Eighth, and Fourteenth Amendment claims against Defendants under 42 U.S.C. § 1983 and a related § 1985 claim for conspiracy to interfere with civil rights. According to O'Shea, her DUI conviction is a result of the SDPD officers' false arrest for willful cruelty to a child and Defendants' conspiracy "to commit fraud to cover-up the unlawful arrest[.]" (Compl. ¶¶ 129, 204–09.) Specifically, O'Shea alleges that Defendants manipulated her blood alcohol certificate and arresting documents to induce her to plead guilty to the DUI charge. (*Id.* ¶¶ 3, 6, 30, 34, 46, 93, 104, 107, 204–09.) By arresting and prosecuting O'Shea without probable cause, O'Shea argues that Defendants violated her Fourth Amendment rights against unlawful seizure and Fourteenth

Amendment substantive due process rights. (Compl. ¶¶ 127, 138.) O'Shea also argues that her Sixth Amendment right was violated when the San Diego County Sheriff's booking form listed, as reason for her arrest, "Child Endangerment," instead of "Willful Cruelty to Child," which led her to plead guilty to the DUI charge. (*Id.*) Finally, O'Shea claims that she endured cruel and unlawful punishment in violation of the Eighth Amendment because of the false arrest, wrongful prosecution, and the resulting DUI conviction. (*Id.*)

In sum, O'Shea's theory is that Defendants violated her constitutional rights by falsely arresting her and fabricating evidence to make her plead guilty to the DUI conviction. To prevail on her federal civil rights claims, O'Shea would have to demonstrate the lack of probable cause to arrest or prosecute her. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). In other words, a judgment in favor of O'Shea regarding her federal civil rights claims would invalidate her state conviction for DUI. O'Shea has not shown that her conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, O'Shea's federal civil rights claims are *Heck*-barred. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) (holding that *Heck* applies equally to conspiracy claims brought under 42 U.S.C. § 1985). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** O'Shea's claims raised under 42 U.S.C. §§ 1983, 1985.

### IV.  SUPPLEMENTAL JURISDICTION

Having dismissed O'Shea's federal claims, the Court lacks original jurisdiction over O'Shea's remaining state-law claims. The supplemental jurisdiction statute provides that this Court may decline to exercise supplemental jurisdiction over such claims after dismissing "all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1996). Upon weighing the jurisdictional factors, the Court declines to exercise supplemental jurisdiction over O'Shea's remaining state-law claims. Accordingly, the Court **REMANDS** the action to the San Diego Superior Court.

## V.     CONCLUSION

For the reasons stated above, the Court **DENIES** O'Shea's motion to stay. (ECF No. 15.) The Court **DISMISSES WITHOUT PREJUDICE** O'Shea's federal civil rights claims brought under 42 U.S.C. §§ 1983, 1985. Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and **REMANDS** the action to the San Diego Superior Court.

**IT IS SO ORDERED.**

DATED: December 30, 2021

Hon. Cynthia Bashant
United States District Judge